OUTER BANKS CONTRACTORS, INC. v. SARAH E. FORBES AND REGGIE OWENS

No. 791DC158

(Filed 17 June 1980)

**Laborers' and Materialmen's Liens § 7– no right to lien as prime contractor**

Plaintiff cannot establish a lien for labor and materials as a prime contractor when its own notice of claim of lien and judicial findings to which plaintiff consented establish it is a subcontractor. However, plaintiff is entitled to try its claim for a money judgment against defendant owner where plaintiff asked for a money judgment in its complaint and stated in answer to interrogatories that it had made a contract with defendant to furnish labor and materials, and defendant in an affidavit denied that she had made a contract with plaintiff.

APPEAL by plaintiff from *Beaman, Judge*. Judgment entered 11 December 1978 in District Court, DARE County. Heard in the Court of Appeals 17 October 1979.

This is an action for a money judgment and to enforce a lien on the real property of the defendant, Sarah E. Forbes. The plaintiff filed a notice on 28 September 1973 which was denominated "Notice of claim of lien by first tier subcontractor" and which claimed a "lien pursuant to North Carolina law and claims all rights of subrogation to which he is entitled under Part 2 of Article 2 of Chapter 44A of the General Statutes of North Carolina." In its complaint, plaintiff alleged that pursuant to a contract between defendant Forbes and plaintiff, the plaintiff had furnished labor and materials to Forbes for construction on the property and prayed for a money judgment and a lien on the property. In her answer, the defendant Forbes denied she had entered into any contract with the plaintiff. She alleged that she had made a contract with Reggie Owens for construction on her property, that any contract plaintiff had made was with Owens, and she had paid Owens in full before she received any notice from the plaintiff that he was due any money as a subcontractor.

A consent order was then entered making Reggie Owens a defendant. This order recited that plaintiff was a subcontractor who furnished labor and materials for the project; that Owens

was the prime contractor; and that as the result of a ruling in a separate action between Forbes and Owens, "it would appear that the prime contractor would be responsible for labor and materials that were supplied by the subcontractor . . . ." Plaintiff then filed an amended complaint in which it again alleged its claim against the defendant Forbes and a claim in the alternative against the defendant Owens. In its alternative claim, plaintiff alleged that it, as a subcontractor, made an agreement with Owens as prime contractor to furnish the labor and materials, that plaintiff furnished the labor and materials, and Owens had not paid for them. In answer to interrogatories, plaintiff stated that on 1 April 1977, it entered into an oral contract with defendant Forbes to furnish labor and materials for her property. Defendant Forbes filed an affidavit in which she stated that she had dealt solely with Owens in regard to the contract to furnish the labor and materials, and she did not make any contract with the plaintiff. She also stated she had paid Owens in full before she received any notice of the plaintiff's claim. Defendant moved to strike the plaintiff's amended answer and for summary judgment. Both motions were granted with the court reciting that the amended complaint was filed without leave of the court. Plaintiff appealed.

*Aldridge, Seawell and Khoury, by Daniel D. Khoury, for plaintiff appellant.*

*Leroy, Wells, Shaw, Hornthal, Riley and Shearin, by Norman W. Shearin, Jr., and Ralph T. Baker, for defendant appellee Forbes.*

WEBB, Judge.

[1] It appears from the notice of claim of lien filed in the case sub judice that the plaintiff is attempting to enforce a lien pursuant to N.C. General Statute Chap. 44A, Art. 2, Part 2. The lien notice states that plaintiff is a first tier subcontractor and follows the form prescribed by G.S. 44A-19 for filing a lien as a subcontractor. The complaint alleges a claim for a lien as a prime contractor under G.S. 44A, Art. 2, Part 1. An order was then consented to by plaintiff's attorney which recited that plaintiff was a subcontractor and Owens was the prime contrac-

Contractors, Inc. v. Forbes

tor who would be responsible for the labor and materials supplied by the subcontractor. This is a judicial finding binding on the parties. We hold that the plaintiff cannot establish a lien as a prime contractor when its own notice of claim of lien and the judicial findings to which it consented establish it is a subcontractor. The claim for a lien was properly dismissed.

In addition to the lien claim, the plaintiff, in its complaint, asked for a money judgment. In answer to interrogatories, the plaintiff stated it had made a contract with defendant Forbes to furnish labor and materials. In her affidavit, defendant Forbes denied she made a contract with plaintiff. We hold this shows a genuine issue which should have been submitted to the jury.

On the record before us, we hold that plaintiff is entitled to try its claim for a money judgment against the defendant Forbes, but it is not entitled to enforce its lien as a subcontractor.

We note that plaintiff made no assignment of error to the order striking its amended complaint. The exception to this order is deemed abandoned. Rule 10(c), N.C. Rules App. Proc.

Affirmed in part; reversed and remanded in part.

Judges ARNOLD and WELLS concur.